UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID SPURGEON,<br><br>    Plaintiff,<br><br>v.<br><br>THE NJ STATE POLICE., *et al.*,<br><br>    Defendants | 12-CV-3352-WJM<br><br>MEMORANDUM<br>OPINION & ORDER |

    This matter comes before the Court on *pro se* Plaintiff David Spurgeon's opposed motion for appointment of *pro bono* counsel under 28 U.S.C. § 1915(e)(1). For the reasons stated below, the Court will **DENY** the motion.

    In his Complaint, which seeks redress under 42 U.S.C. § 1983, Spurgeon alleges that he was arrested on December 6, 2011. He further alleges that while he was being arrested he was beaten and subjected to racial slurs. He also alleges that during and after his arrest, he was denied medical care by various law enforcement officers.

    After Defendants answered the Complaint, Spurgeon was served with discovery requests at the Hudson County Correctional Facility. ECF No. 27. Defendants then learned that Spurgeon had been transferred. Accordingly, Defendants filed a letter with the Court requesting that Spurgeon provide a current address. *Id.* The Honorable Mark Falk then ordered that Spurgeon be served with discovery requests at his last known address. ECF No. 28. Defendants subsequently learned that Spurgeon was located at the Central Reception and Assignment Facility in Trenton. ECF No. 30. Defendants proceeded to serve their discovery requests on Spurgeon at the Central Reception and Assignment Facility. ECF Nos. 31-34. When Spurgeon failed to respond, Defendants moved without opposition to dismiss the Complaint based on a lack of prosecution. *Id.* Judge Falk recommended that the undersigned grant the motion to dismiss. ECF No. 37.

    Before this Court decided whether to adopt Judge Falk's Report and Recommendation, Spurgeon wrote a letter to Judge Falk. ECF No. 38. In his letter, he represented that pain and suffering, as well as memory loss had prevented him from timely responding to Defendants' requests. Spurgeon stated that he would "try to be more expeditious in following the rules and procedures of the

courts in a timely fashion." *Id.* In his letter, Spurgeon also referred to informal requests for the appointment of *pro bono* counsel. Based on Spurgeon's letter, Judge Falk filed an order on February 4, 2014 (the "February 4, 2014 Order") withdrawing his Report and Recommendation. ECF No. 39. In his February 4, 2014 Order, Judge Falk concluded that had Spurgeon properly moved for the appointment of *pro bono* counsel, his request would likely have been denied.

Citing Spurgeon's continued failure to respond to discovery requests, Defendants again moved to dismiss the Complaint for lack of prosecution on March 26, 2014 and March 28, 2014. ECF Nos. 40-42. After the motions were filed, Spurgeon filed his discovery responses on the docket, and Judge Falk denied the motions to dismiss. ECF Nos. 44-45. Spurgeon then filed the instant motion for *pro bono* counsel. ECF No. 46. In his motion, he claims that he lacks relevant legal knowledge, that he cannot perform relevant research because he is incarcerated and because he has work duties, that the legal issues in this case are complex, and that the outcome of the case will hinge on credibility determinations. Spurgeon also claims that other inmates are afraid to provide him with legal assistance based on a fear of retaliation from prison employees.

Section 1915(e)(1) provides that "[t]he court may request an attorney to represent any person unable to afford counsel." District courts have "broad discretion" to decide whether requesting counsel is appropriate, may request counsel at any point in the litigation, and may do so *sua sponte*. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)). As an initial matter, the Court must first determine if the party seeking counsel has an underlying case with arguable merit in fact and law. *Id*. at 498-99. Once the claim has passed that threshold, the Court then considers the following list of criteria to assess whether requesting counsel would be appropriate: (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his or her own behalf; (5) the extent to which a case is likely to turn on credibility determinations, and (6) whether the case will require testimony from expert witnesses. *Id*. at 499. The list is non-exhaustive, and the Court may consider other facts or factors it determines are important or helpful. *Id.*

The Court finds that it would not be appropriate to appoint *pro bono* counsel at this juncture. In his February 4, 2014 Order, Judge Falk concluded that three reasons would likely have convinced him to deny any properly filed motion for *pro bono* counsel. First, Spurgeon failed to demonstrate that his incarceration deprived him of the necessary resources for prosecuting this case. Second, Spurgeon had not established that the factual allegations in this case are complicated or would

require significant discovery. "Without in any way minimizing the seriousness of the allegations," Judge Falk explained, "the core factual dispute is fairly straightforward." Third, Spurgeon had demonstrated a "basic ability to advance his position" through various submissions to the Court.

This Court finds Judge Falk's analysis to be persuasive. While Spurgeon claims that he lacks an ability to present or investigate his case because of his incarceration and limited legal knowledge, Spurgeon has filed various papers with the Court, and he has provided Defendants with responses to their discovery requests. Moreover, as Judge Falk recognized, the factual issues in this case are serious, but they are ultimately not complicated. The legal issues in this case, while similarly serious, are also not complicated. The Court recognizes that Spurgeon has had difficulty investigating the case, and also that the case will turn on credibility determinations. However, weighing all of the factors, the Court finds that the appointment of *pro bono* counsel is not appropriate at this time.

For the foregoing reasons and for good cause shown;

**IT IS** on this 20th day of May 2014, hereby,

**ORDERED** that the Spurgeon's application for *pro bono counsel* is **DENIED.** The Court is willing to entertain a subsequent motion for *pro bono counsel* at a later stage of this case.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**