UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID SPURGEON,<br><br>    Plaintiff,<br><br>v.<br><br>THE NJ STATE POLICE., *et al.*,<br><br>    Defendants | 12-CV-3352-WJM<br><br>MEMORANDUM<br>OPINION & ORDER |

This matter comes before the Court on *pro se* Plaintiff David Spurgeon's opposed application for appointment of *pro bono* counsel under 28 U.S.C. § 1915(e)(1). For the reasons stated below, the Court will **DENY** the application.

In his Complaint, Spurgeon alleges that state and local police officers violated his rights under 42 U.S.C. § 1983 while arresting him on December 6, 2011. Specifically, he alleges that during his arrest, the arresting officers viciously beat him and subjected him to racial slurs. He further alleges that various police officers denied him medical care to treat the injuries he allegedly sustained in connection with his arrest.

Spurgeon has submitted multiple applications for *pro bono* counsel in this matter, all of which have been denied. On December 31, 2013, Spurgeon wrote a letter to the Honorable Mark Falk, the magistrate judge presiding over this case, informally requesting *pro bono* counsel. ECF No. 38. Judge Falk issued an Order on February 4, 2014 (the "February 4, 2014 Order") denying Spurgeon's request "to the extent it informally sought the appointment of *pro bono* counsel." ECF No. 39. The February 4, 2014 Order further warned Spurgeon that he "must respond to discovery as best he can and engage in this litigation or there is a genuine possibility that the case will be dismissed." *Id.* at 3. The record shows that since then, Spurgeon has responded to some discovery requests, but not others. *See* ECF Nos. 44-45.

Spurgeon then submitted a formal application for *pro bono* counsel to this Court on April 28, 2014 (the "April 28, 2014 Application"). ECF No. 46. In a May 20, 2014 Opinion and Order (the "May 20, 2014 Opinion and Order"), this Court

1

denied the April 28, 2014 Application, holding that it would not be appropriate to appoint *pro bono* counsel at that juncture. *Spurgeon v. NJ State Police,* No. 12-cv-3352, 2014 WL 2094038 (D.N.J. May 20, 2014). This Court concluded that while Spurgeon may have some difficulty investigating the case due to his incarceration and that credibility determinations may be at issue, the legal and factual issues in the case are not sufficiently complicated to warrant appointing *pro bono* counsel. It further recognized that Spurgeon has filed multiple submissions with this Court and has responded to discovery requests. *Id.* at *2.

On August 7, 2014, Spurgeon submitted his most recent application for *pro bono* counsel, which is the subject of this Opinion and Order. ECF No. 64. In that application, Spurgeon contends that he requires *pro bono* counsel because he wishes to (1) depose the officers involved in his December 6, 2011 arrest; (2) interview witnesses; and (3) obtain other "valuable evidence for the case." (Application at 3). He claims that he is unable to perform those functions on his own because he is incarcerated and "incompetent in the law." (*Id.*) While Spurgeon notes that he is proficient in English, he submits that he has no funds to obtain an attorney on his own. (Application at 4). Spurgeon has also submitted a letter to this Court explaining that he would like to have an attorney represent him when Defendants take his deposition. ECF No. 57.

Section 1915(e)(1) provides that a "court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). District courts have "broad discretion" to decide whether requesting counsel is appropriate, and may request counsel *sua sponte* at any point in the litigation. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)). In exercising its discretion to appoint counsel, district courts must first assess whether a given case has merit, and then weigh specific factors, including (1) the litigant's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the litigant to pursue that investigation; (4) the litigant's capacity to retain counsel on his or her own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Tabron*, 6 F.3d. at 155-57. The list is non-exhaustive, and the Court may consider other facts or factors it determines are important or helpful. *Montgomery*, 294 F.3d at 499.

Applying *Tabron*, this Court first concludes that Spurgeon's allegations of police misconduct are sufficiently detailed for his § 1983 claim to have "some arguable merit" for the purposes of his application for *pro bono* counsel. *See id*.

2

However, after considering the other *Tabron* factors and all other relevant facts and circumstances, this Court concludes that the appointment of *pro bono* counsel would be inappropriate. First, the legal and factual issues in this case have not changed since this Court handed down its May 20, 2014 Opinion and Order, which held that the issues at stake were not complicated so as to warrant the appointment of *pro bono* counsel. Second, Spurgeon has made no showing that his case will require expert testimony. Third, Spurgeon has made multiple filings with this Court, demonstrating that he possesses the ability to present his own case. For example, Spurgeon has filed without the assistance of counsel a civil complaint, ECF No. 1, and a request that his case not be dismissed. ECF No. 38. While he has failed to respond to certain discovery requests, he has responded to others, thus evincing an overall ability to participate in discovery. *See* ECF Nos. 44-45.

Finally, the fact that Spurgeon would like to depose police officers and obtain testimony from other witnesses is not sufficient to warrant the appointment of *pro bono* counsel. *See Davis v. Two Unknown Named Agents of F.B.I.,* No. 07-2135, 2007 WL 3349494 at *1 n.5 (D.N.J., Nov. 7, 2007) ("[prisoner's] desire to conduct depositions of witnesses in New Jersey is not an adequate basis to appoint counsel.") First, this case's fact discovery deadline of June 30, 2014 has already expired. *See* ECF No. 45. Second, even if the discovery deadline had not expired, the Federal Rules of Civil Procedure would provide Spurgeon with alternative means to effectively pursue his case; for example, he could still conduct depositions by written questions under Fed.R.Civ.P. 31 and could compel written testimony by subpoena under Fed.R.Civ.P. 45.

After considering the other relevant factors and the practical restraints on the Court's ability to appoint counsel, this Court concludes that the appointment of *pro bono* counsel is not appropriate at this juncture.

**IT IS** on this 17th day of September 2014, hereby,

**ORDERED** that Spurgeon's application for *pro bono counsel* is **DENIED WITHOUT PREJUDICE.**

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

3