UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID SPURGEON,<br><br>    Plaintiff,<br><br>v.<br><br>THE NJ STATE POLICE, *et al.*,<br><br>    Defendants. | Civ. No. 12-3352 (WJM)<br><br>OPINION |

    Plaintiff David Spurgeon – who is currently incarcerated and proceeding *pro se* – alleges that state and local police officers violated his rights under 42 U.S.C. § 1983 by using excessive force when arresting him.[1]  Defendants moved without opposition to dismiss the Complaint based on a failure to prosecute.  ECF Nos. 53, 56, 65.  On November 12, 2014 the Honorable Mark Falk issued a Report and Recommendation ("the R&R") recommending that the undersigned grant Defendants' motions.  The parties were notified that they had fourteen (14) days to submit objections and responses to the R&R pursuant to Local Civil Rule 72.1(c)(2).  On November 24, 2014, Spurgeon sent a letter to Judge Falk requesting that his case not be dismissed.  ECF No. 69.  On December 1, 2014, certain Defendants filed a response to Spurgeon's letter and argued that dismissal was appropriate.  ECF No. 70.  The Court will treat those two submissions as the parties' responses and objections to the R&R.

    After conducting a *de novo* review of the R&R and considering the parties' responses and objections, this Court will adopt the R&R as the Opinion of the Court and dismiss Spurgeon's Complaint with prejudice.  In doing so, the Court concludes that Judge Falk properly took into account the factors articulated in *Poulis v. State Farm Fire & Casualty Co. (Poulis)*, 747 F.2d 863, 868 (3d Cir. 1984).

    Even though the Court adopts the R&R in full, it will address the points that Spurgeon raises in his informal objections.  Spurgeon contends that his case should not be dismissed because he is now willing to engage in discovery.  In his objections, he also

---

[1] For a more thorough summary of Spurgeon's allegations, see *Spurgeon v. NJ State Police*, No. 12-cv-3352, 2014 W.L. 4662099 (D.N.J. Sept. 18, 2014).

1

asks the Court to issue subpoenas that would require production of video footage allegedly taken during the time of his arrest. The Court cannot ignore the fact that this is the second time Spurgeon has made an eleventh hour request to proceed with his case. Almost a year to this day, Judge Falk issued a report recommending that Spurgeon's case be dismissed for failure to prosecute, ECF No. 47, but withdrew that recommendation after Spurgeon insisted that he would make a meaningful effort to comply with discovery orders. ECF No. 39. Judge Falk then issued an order stating that all discovery must be completed by June 30, 2014 and explicitly warned Spurgeon that further delay would not be excused. ECF No. 45. In his objections to the R&R, Spurgeon asks this Court to issue subpoenas even though the discovery deadline in this case expired *six months* ago. Spurgeon's egregious flouting of Court orders belies his claim that he now plans to properly participate in discovery.

Moreover, Spurgeon's incarceration and *pro se* status does not absolve him of the responsibility to move along his case, which he filed over two-and-a-half years ago. *See, e.g.*, *Rogers v. MHU Staff*, 398 Fed.Appx. 839 (3d Cir. 2010) (affirming dismissal of *pro se* prisoner's complaint for failure to prosecute); *Arsad v. Gerula*, 366 Fed.Appx. 323 (3d Cir. 2010) (same). In hopes that it could reach the merits of the case, the Court has patiently afforded Spurgeon multiple deadline extensions. However, that patience is limited. The Court agrees with the R&R's rationale for why dismissal is the appropriate sanction in this case. Spurgeon's Complaint is therefore **DISMISSED WITH PREJUDICE**. An appropriate order follows.

      /s/ William J. Martini
    **WILLIAM J. MARTINI, U.S.D.J.**

**Date: December 16, 2014**

cc:    The Hon. Mark Falk, U.S.M.J.

2